IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120784-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 13, 2012) |
| Edward Lewis Owens, | ) | |
| | ) | 2012 UT App 356 |
| Defendant and Appellant. | ) | |

-----

Second District, Farmington Department, 081701234
The Honorable John R. Morris

Attorneys:      Edward Lewis Owens, Draper, Appellant Pro Se
                Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Roth.

¶1      Edward Lewis Owens appeals the denial of his third motion seeking to reinstate the time for his direct appeal. We affirm.

¶2      In April 2009, a jury found Owens guilty of murder, a first degree felony. During a presentencing conference placed on the record, counsel informed the district court of discussions between the State and the defense to the effect that if Owens admitted his guilt at sentencing and provided information about an alleged murder-for-hire scenario and if that information resulted in a prosecutable case against the individual who allegedly hired him to commit the murder, the State would provide a favorable recommendation to the Board of Pardons and Parole. Defense counsel and the prosecutor clarified that no promises regarding sentencing were made to Owens. Defense counsel also stated that Owens had been advised of his rights and the

consequences of admitting his guilt. The district court judge then conducted a detailed colloquy with Owens, specifically inquiring whether Owens understood that he would be waiving his right to a direct appeal if he chose to allocute. During the colloquy, Owens affirmed that he had been fully advised of his rights and understood that he would be waiving his right to appeal by admitting the crime. At sentencing, Owens was sworn in and made a statement of allocution. The district court found that Owens was fully informed of his rights and the consequences of admitting his guilt, was competent, and knowingly and voluntarily chose to waive his right against self-incrimination and his right to a direct appeal. The district court sentenced Owens to an indeterminate term of five years to life.

¶3      In February 2010, Owens filed his first motion to reinstate the time for appeal pursuant to *Manning v. State*, 2005 UT 61, 122 P.3d 628. The court denied the motion in a written ruling and order entered on May 10, 2010, finding that Owens knowingly and voluntarily waived his right to a direct appeal. The district court also found that his assertions that he did not waive his right to appeal and had requested his counsel to file an appeal were contradictory to the record. Because Owens did not demonstrate by a preponderance of the evidence that the waiver of his right to appeal was not knowing and voluntary or that he was unconstitutionally deprived of the right to appeal through no fault of his own, the district court denied the motion to reinstate the time for a direct appeal. In July 2010, Owens filed a second motion to reinstate the time for appeal, raising essentially the same issues and claims, which the court denied as a procedurally improper motion to reconsider. Owens did not appeal the orders denying his first and second motions to reinstate the appeal time.

¶4      On August 14, 2012, Owens filed a third motion to reinstate the time for appeal, raising essentially the same issues.[1] Owens again asserted that counsel failed to file a notice of appeal after agreeing to do so and that he was not adequately advised of his rights and did not understand that the State had not made any promises as to sentencing in exchange for his admission. Noting that the district court previously

---

[1]The third motion added a claim alleging ineffective assistance of counsel at sentencing. The State correctly notes that the claim is not relevant to whether Owens was unconstitutionally denied his right to appeal. However, the claim might be asserted in a petition filed under the Post-Conviction Remedies Act. *See* Utah Code Ann. §§ 78B-9-101-111 (LexisNexis 2012).

found that Owens knowingly and voluntarily waived his right to a direct appeal, the district court found that assertions in the third motion to reinstate the appeal time "that he was not adequately advised on the State's position, his rights, and the consequences of admitting his guilt are directly contrary to the clear record of Defendant's sentencing proceedings." The court also found that it had rejected a claim that trial counsel failed to file an appeal after agreeing to do so. Finally, the district court found that Owens's assertions were "directly contradictory to the clear record" and did nothing to alter the district court's conclusions on the previous two motions to reinstate the appeal time.

¶5     Based upon the clear record made at sentencing and in the conference and colloquy immediately preceding sentencing, the district court did not err in denying a third motion to reinstate the time for a direct appeal. Owens did not satisfy his burden to demonstrate by a preponderance of the evidence that he was unconstitutionally deprived of his right to appeal through no fault of his own. *See Manning*, 2005 UT 61, ¶ 31. Furthermore, "[a] defendant who knowingly and voluntarily waives his right to appeal has not been unconstitutionally denied that right," *id*. ¶ 35, and the procedure for reinstating the time to file a direct appeal is not available. Accordingly, we affirm. We also deny the motion to stay appeal and to remand to the district court.


_____
William A. Thorne Jr., Judge


_____
Carolyn B. McHugh, Judge


_____
Stephen L. Roth, Judge